Anna W. Drake, No. A0909
ANNA W. DRAKE, P.C.
PO Box 581126
Salt Lake City, UT 84158-1126
Telephone: 385.258.7025
Facsimile: 801.363.3614
Email: annadrake@att.net
  *Attorney for Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>ALL RESORT GROUP, INC.,<br>*dba* All Resort Coach, Inc.; *dba* ARG Vehicle Service Center, LLC, *dba* LV Service Center; *dba* Park City Transportation, Inc.; *dba* Premier Transportation, Inc.; *dba* Resort Express, Inc.; *dba* All Resort Limousine; *dba* All Resort Transportation; dba Lewis Stages; *dba* Lewis Tours; *dba* Park City Reservations; dba Park City Shuttles; *dba* Park City Transportation Ski Express Shuttle; *dba* Redhorse Express; *dba* Salt Lake Airport Shuttle; *dba* Salt Lake City Airport Shuttle; *dba* SuperShuttle of Utah; *dba* Utah Airport Transportation; dba Xpress 4 Less Taxi; fdba Xpress 4 Less; *et al.*;<br><br>Debtor. | Bankruptcy No. 17-23687 RKM<br><br>Chapter 11<br><br>Chief Judge R. Kimball Mosier |

**DEBTOR'S OBJECTION TO MOTION OF KEY EQUIPMENT FINANCE FOR
RELIEF FROM THE AUTOMATIC STAY OR ADEQUATE PROTECTION
[Docket No. 268]**

All Resort Group, Inc., the above-named Debtor and Debtor-in-Possession (**"Debtor"**),

hereby objects to the *Motion of Key Equipment Finance for Relief from the Automatic Stay or*

*Adequate Protection* (**"Motion"**) filed by Key Equipment Finance (**"Movant"**), and in support thereof, respectfully represents as follows:

1. Debtor does not dispute the truthfulness of the allegations contained in paragraphs 1 through 6 of the Motion.

2. In response to paragraph 7, Debtor admits that it previously stated that it would not be able to operate unless it received DIP financing prior to the end of August. Debtor also asserts that the recent forecast speaks for itself. Due to extreme cost-cutting measures, however, the Debtor believes that it will be able to survive if it receives its DIP financing prior to September 26, 2017.

3. Responding to paragraph 8, the Debtor admits that it does not presently have any equity in the Collateral.[1] While the Debtor may not need the Collateral in connection with obtaining its DIP financing, it does need the Collateral in connection with the potential sale.

4. With respect to the allegations contained in paragraph 9, and in order to provide adequate protection to Movant as required by 11 U.S.C. § 362(d)(1)[2], Debtor is prepared to make an adequate protection payment of $12,108.63 on or before September 26, 2017. In addition, Debtor will continue to keep the Collateral insured and well-maintained. Since the Movant is an undersecured creditor, it is not entitled to accrued interest, fees or costs on its claim.

5. Responding to paragraph 10, Debtor alleges cause does *not* exist to terminate the automatic stay pursuant to § 362(d)(2). While the Debtor admits that there is no equity in the Collateral, Debtor asserts that it believes that secured creditors such as Movant will be paid through a new DIP loan and/or a sale of the Debtor's assets including all of Debtor's current fleet

---

[1] Capitalized terms herein correspond to those references in the Motion.
[2] Future references to 11 U.S.C. §§ 101 *et seq.* shall hereinafter be shown as "§ _____."

of vehicles. While admitting that no loan has been finalized as of the filing of this Objection, Debtor asserts that it believes an offer for both financing and purchase will be forthcoming in the next seven (7) days. The Collateral is therefore necessary for an effective reorganization which is in prospect.

6. In response to paragraph 11, Debtor is prepared to do the following:

   a. Make a payment of $12,108.83 on or before September 26, 2017;

   b. Continue to make monthly payments of $12,108.83 beginning on October 29, 2017, and continuing monthly thereafter until an order is entered (a) dismissing or converting this case, (B) confirming a plan of reorganization, or (C) approving a sale under which Movant will be paid in full, in cash;

   c. Demonstrate that there is a reorganization in prospect by obtaining DIP financing not later than September 26, 2017, and confirming a plan of reorganization within 90 days thereafter or filing and obtaining Court approval of a motion for and consummating a sale of the Collateral which will pay Movant in full for the value of its interest in the Collateral; and

   d. Maintain and insure the Collateral.

7. Debtor denies that Movant should be entitled to a waiver of the 14-day stay.

WHEREFORE, Debtor submits that Movant is not entitled to relief from the automatic stay since the Debtor is prepared to provide adequate protection of the Movant's interest in the Collateral through the payment of monthly payments of $12,108.83 beginning September 26, 2017, and continuing monthly thereafter on the 29th day of each month. The Collateral is necessary for an effective reorganization that is in prospect. Any required adequate protection

payments should not be required on a retroactive basis.  Based upon the foregoing, Debtor prays that the Motion be denied and that it have such other and further relief as is just *(including setting the final hearing on this Motion for a date after September 26, 2017)*.

DATED this 9th day of September, 2017.

/s/ Anna W. Drake
Anna W. Drake, No. A0909
ANNA W. DRAKE, P.C.
PO Box 581126
Salt Lake City, UT  84158-1126
  Attorney for Debtor and Debtor-in-Possession

**CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

      I hereby certify that on September 9, 2017, I electronically filed the foregoing Objection with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

- Brett N. Anderson    bretta@blackburn-stoll.com
- Troy J. Aramburu    taramburu@swlaw.com, nharward@swlaw.com;docket_slc@swlaw.com
- Megan K Baker    baker.megan@dorsey.com, long.candy@dorsey.com
- Deborah Rae Chandler    dchandler@joneswaldo.com
- Joseph M.R. Covey    calendar@parrbrown.com
- T. Edward Cundick    tec@princeyeates.com, docket@princeyeates.com;pam@princeyeates.com
- Anna W. Drake    annadrake@att.net, r51122@notify.bestcase.com
- Mary Margaret Hunt    hunt.peggy@dorsey.com, long.candy@dorsey.com
- Annette W. Jarvis    jarvis.annette@dorsey.com, long.candy@dorsey.com
- Bradley C. Johnson    bcjohnson@slco.org, PPodwys@slco.org
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Adelaide Maudsley    amaudsley@kmclaw.com, tslaughter@kmclaw.com
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- Mark S. Middlemas    LundbergECFmail@Lundbergfirm.com, ecfmaildistgroup@lundbergfirm.com
- Sherilyn A. Olsen    solsen@hollandhart.com, slclitdocket@hollandhart.com;intaketeam@hollandhart.com;cfries@hollandhart.com
- Ellen E Ostrow    eeostrow@hollandhart.com, mkthurgood@hollandhart.com;intaketeam@hollandhart.com
- George W. Pratt    gpratt@joneswaldo.com
- Jeffrey Weston Shields    jshields@joneswaldo.com, 5962725420@filings.docketbird.com; ymahoney@joneswaldo.com
- Jeff D. Tuttle    jtuttle@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

                                      */s/ Anna W. Drake*